Russell S. Thompson IV (Cal. Bar No. 325944)
Elliot Rosenberger (Cal. Bar No. 298837)
Thompson Consumer Law Group, P.C.
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@thompsonconsumerlaw.com
erosenberger@thompsonconsumerlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Emily Armstrong and Jessie Bartholomew, <br><br> Plaintiffs, <br><br> vs. <br><br> Santander Consumer USA, Inc. dba Chrysler Capital, <br><br> Defendant. | Case No. <br><br> **COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiffs Emily Armstrong ("Armstrong") and Jessie Bartholomew ("Bartholomew") (collectively, "Plaintiffs") bring this action against Defendant Santander Consumer USA, Inc. dba Chrysler Capital ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a).

Complaint - 1

3. "[A]llegations of nuisance and invasion of privacy in TCPA actions are sufficient to state a concrete injury under Article III." *Hewlett v. Consol. World Travel, Inc.*, 2016 WL 4466536, at *2 (E.D. Cal. Aug. 23, 2016) ("The purpose and history of the TCPA thus suggest that Congress sought to curb the 'aggravation, nuisance, and invasion of privacy' that plaintiff alleges here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's repeated requests for those autodialed calls to stop.").

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

5. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

6. In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

7. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice

. . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

8. The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B).

9. Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

10. "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

**THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

11. The purpose of the Rosenthal Act is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title." Cal. Civ. Code § 1788.1(b).

12. The Rosenthal Act makes it unlawful for any debt collector to "collect or attempt to collect a consumer debt by . . . [c]ausing a telephone to ring repeatedly or continuously to annoy the person called[,] or [c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances." Cal. Civ. Code § 1788.11(d)–(e).

## PARTIES

13. Armstrong is a natural person who at all relevant times resided in the State of California, County of Solano, and City of Vallejo.

14. Bartholomew is a natural person who at all relevant times resided in the State of California, County of Solano, and City of Vallejo.

15. Armstrong is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

16. Defendant is a Texas limited-liability company that is, upon information and belief, duly licensed to conduct business within the state of California.

17. At all relevant times, Defendant was engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

18. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

19. Armstrong is a natural person allegedly obligated to pay a debt.

20. Armstrong's alleged obligation arises from a consumer credit transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal automobile loan (the "Debt").

21. Plaintiffs are subscribed to cellular telephone services and have been assigned wireless numbers in connection with such subscriptions.

22. On March 15, 2014, Armstrong financed the purchase of a vehicle with Defendant.

23. Subsequently, Armstrong informed Defendant numerous times of her pay schedule and requested the due date for her auto loan be changed to avoid late fees when making payments.

24. Defendant did not oblige to Armstrong's request.

25. When Armstrong's payments allegedly became past due, Defendant placed multiple calls to Plaintiffs' wireless numbers.

26. On or about December 14, 2017, Armstrong demanded Defendant stop calling her wireless number.

27. To the extent Defendant had Armstrong's prior express consent to place calls to Armstrong's wireless number, such consent was revoked no later than December 14, 2017.

28. Despite Armstrong demanding the calls stop, Defendant placed hundreds of additional calls to Armstrong's wireless number after December 14, 2017.

29. On many days, Defendant would place multiple calls to Plaintiff's wireless number.

30. Upon information and belief, Defendant placed approximately 391 calls to Armstrong's number after December 14, 2017.

31. Upon information and belief, the telephone calls identified above were placed to Armstrong's wireless number using an automatic telephone dialing system.

32. Defendant did not place any calls to Armstrong's wireless number for emergency purposes.

33. Defendant did not have Armstrong's prior express consent to make any calls to her wireless number.

34. Upon information and belief, Defendant voluntarily placed the calls identified above to Armstrong's wireless number.

35. Upon information and belief, Defendant placed all calls to Armstrong's wireless number under its own free will.

36. On many instances, Defendant would leave a voicemail on Armstrong's wireless number for Armstrong using an artificial or prerecorded voice.

37. Upon information and belief, in connection with the collection of the Debt, Defendant also placed approximately 134 calls to Bartholomew's wireless number.

38. On many instances, Defendant would leave a voicemail on Bartholomew's wireless number for Armstrong using an artificial or prerecorded voice.

39. Upon information and belief, the telephone calls identified above were placed to Bartholomew's wireless number using an automatic telephone dialing system.

40. Defendant did not place any calls to Bartholomew's wireless number for emergency purposes.

41. Defendant did not have Bartholomew's prior express consent to make any calls to his wireless number.

Complaint - 6

42. Upon information and belief, Defendant voluntarily placed the calls identified above to Bartholomew's wireless number.

43. Upon information and belief, Defendant placed all calls to Bartholomew's wireless number under its own free will.

44. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above.

45. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the calls identified above.

46. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiffs' wireless numbers, which may reveal the existence of additional violations beyond those pleaded above.

47. Defendant's actions are highly offensive to a reasonable person and justify the imposition of punitive damages against it under the TCPA.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**

48. Plaintiffs repeat and re-allege each factual allegation above.

49. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

50. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were knowing and/or willful.

WHEREFORE, Plaintiff sprays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiffs in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiffs statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF CAL. CIV. CODE § 1788.11

51. Plaintiffs repeat and re-allege each factual allegation above.

52. Defendant violated Cal. Civ. Code § 1788.11(d) by attempting to collect a consumer debt by causing Plaintiffs' telephones to ring repeatedly and continuously to annoy Plaintiffs.

53. Defendant violated Cal. Civ. Code § 1788.11(e) by communicating by telephone with Plaintiffs with such frequency as to be unreasonable and to constitute harassment to Plaintiffs under the circumstances.

54. Defendant's violations of Cal. Civ. Code § 1788.11 were willful and knowing.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated Cal. Civ. Code § 1788.11;

b) Awarding Plaintiffs statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiffs reasonable attorney's fees and costs incurred in this cation pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF CAL. CIV. CODE § 1788.17

55. Plaintiffs repeat and re-allege each and every factual allegation above.

56. Among the protections in the federal Fair Debt Collection Practices Act ("FDCPA") is the general prohibition against "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

57. "Violations of § 1692d involve 'tactics intended to embarrass, upset, or frighten a debtor.'" *Hoover v. Monarch Recovery Mgt., Inc.*, 888 F. Supp. 2d 589, 596

(E.D. Pa. 2012) (quoting *Donatelli v. Warmbrodt,* 2011 WL 2580442, at *9 (W.D.Pa. June 28, 2011)).

58. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs, in connection with the collection of an alleged debt.

59. Section 1692d(5) makes it unlawful for debt collectors to cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. *See* 15 U.S.C. § 1692d(5).

60. Numerous courts throughout the nation have held that the intent to annoy, abuse, or harass may be inferred from the nature, pattern, and frequency of debt collection calls. *See e.g., Meadows v. Franklin Collection Serv.*, 414 Fed. Appx. 230, 233–234 (11th Cir. 2011) (finding triable issues exist with regard to intent based on, inter alia, the volume and frequency of the collector's calls—300 calls over 2 1/2 years); *Young v. Asset Acceptance, LLC*, No. 3:09-CV-2477-BH, 2011 WL 1766058, at *3 (N.D. Tex. May 10, 2011) ("This intent may be inferred from the frequency, pattern, or substance of the telephone calls that he received from the debt collector or the place to which the calls were made."); *Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1124 (D. Nev. 2008) ("Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made.").

61. "There is no bright line rule as to the specific amount or pattern of calls sufficient to raise a fact issue regarding the intent to annoy, abuse, or harass; courts simply disagree on the amount or pattern of calls needed to raise a triable fact issue." *Young*, 2011 WL 1766058, at *3 (citing *Smith v. ProCollect, Inc.*, 2011 WL 1375667, at *4 (E.D. Tex. Apr. 12, 2011); *Krapf v. Nationwide Credit Inc.*, 2010 WL 2025323, at *3–4 (C.D.Cal., May 21, 2010)).

62. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiffs' telephones to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiffs.

63. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

64. This includes the "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

65. "To argue that a collection agency can avoid the strictures of the FDCPA simply by acting where it has no legal authority, as opposed to *threatening* to act where it has no legal authority, would defy the very purposes of the section, one of which is to prevent 'use of ... false ... means in connection with the collection of any debt.'" *Marchant v. U.S. Collections W., Inc.*, 12 F. Supp. 2d 1001, 1006 (D. Ariz. 1998) (emphasis in original) (quoting 15 U.S.C. § 1692e).

66. Defendant violated 15 U.S.C. § 1692e(5) by taking actions against Plaintiffs that cannot be legally taken.

67. Defendant violated Cal. Civ. Code § 1788.17 by failing to comply with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code.

68. Therefore, by failing to comply with the FDCPA as detailed above, Defendant violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiffs prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiffs statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a).

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

69. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: March 5, 2020

    Respectfully submitted,

    /s/ Russell S. Thompson IV
    Russell S. Thompson IV (Cal. Bar No. 325944)
    Thompson Consumer Law Group, P.C.
    5235 E. Southern Ave. D106-618
    Mesa, AZ 85206
    Telephone: (602) 388-8898
    Facsimile: (866) 317-2674
    rthompson@thompsonconsumerlaw.com

    /s/ Elliot Rosenberger
    Elliot Rosenberger (Cal. Bar No. 98837)
    Thompson Consumer Law Group, P.C.
    5235 E. Southern Ave. D106-618
    Mesa, AZ 85206
    Telephone: (602) 845-5968
    Facsimile: (866) 317-2674
    erosenberger@thompsonconsumerlaw.com

    Attorneys for Plaintiffs